ON MOTION TO DISMISS
SAMUEL, Judge.
This is a suit allegedly[1] for personal injuries and other damages sustained as a result of ah automobile accident. Plaintiffs are husband and wife and there are three named defendants. One of the defendants, State Farm Mutual Automobile Insurance Company, has suspensively appealed from an adverse judgment.
The only matter now before us is a motion filed by plaintiffs-appellees to dismiss *1193 State Farm’s suspensive appeal on the ground that its suspensive appeal bond was not filed timely.
The actions and dates pertinent to the motion, which we accept as true due to the fact that they are stated in movers’ brief, contained in certified copies attached to that brief, and uncontradicted in appellant’s response to the motion, are:
1) The judgment appealed from was rendered June 20, 1978, following trial held on May 11, 1978;
2) On June 26, 1978 State Farm filed an application for a new trial and in the alternative a remittitur which was denied by the trial court on June 27, 1978;
3) On June 28, 1978 notice of the denial of appellant’s application for a new trial or remittitur was mailed by the Clerk of Court to all attorneys of record;
4) On June 30, 1978 plaintiffs-appellees filed a motion for a partial new trial seeking additional amounts for personal injuries and also seeking an award for loss of earnings which latter award had been denied in the judgment, which motion was denied by the trial court on July 10, 1978;
5) On July 12,1978 notice of the denial of plaintiffs-appellees’ motion for a new trial was mailed by the Clerk of Court to all attorneys of record;
6) State Farm’s petition for appeal was filed and the order of appeal attached thereto was signed by the trial judge on July 26, 1978;
7) State Farm’s suspensive appeal bond is stamped by the Clerk of Court as having been filed on August 2, 1978.
Plaintiffs-appellees rely on Code of Civil Procedure Article 2123 which, insofar as this case is concerned, provides that a sus-pensive appeal may be taken, and the security therefor furnished, only within thirty days of the date of the mailing of notice of the court’s refusal to grant a timely application for a new trial. They argue that since notice of the denial of State Farm’s application for a new trial or remittitur was June 28, 1978 and State Farm’s suspensive appeal bond was not furnished until August 2, 1978, more than thirty days later, the appeal was untimely by several days.
In response, State Farm makes two contentions: (1) its suspensive appeal bond, fully executed and with a proper power of attorney, actually was attached to its petition of appeal and those documents were deposited for filing with the clerk’s office after being presented to and signed by the judge on July 26, 1978, two days prior to the running of the suspensive appeal delays; [2] and (2) the June 30, 1978 motion by plaintiffs-appellees for a partial new trial, seeking additional amounts for personal injuries and also seeking an award for loss of earnings, was filed on June 30, 1978, denied by the trial court on July 10, 1978 and notice of that denial was not mailed by the Clerk of Court until July 12, 1978, so that, even if State Farm’s suspensive appeal bond was in fact not filed until August 2, 1978, the suspensive appeal was filed timely. As we agree with the second contention which is determinative of the issue presented, we need not grant the delay requested in connection with the first contention.
In Thibodeaux v. Lock Clinic, La.App., 299 So.2d 574 (the identical case also appears in 322 So.2d 805), this court said:
“Motion for a new trial by one party ordinarily does not extend another’s delay for appealing, unless the nature of the proceeding is such that one party’s motion prevents the judgment from becoming final as to another; Thurman v. Star Elec. Supply, Inc., La.1973, 283 So.2d 212.”
In this case the motion for a partial new trial filed by the plaintiffs-appellees prevents the original judgment from becoming final as to the defendant State Farm. Pending disposition of that application, a *1194 contrary view would prevent State Farm from knowing the extent of its liability. In fact, State Farm would be unable to determine the dollar amount required in its sus-pensive appeal bond and would force State Farm to appeal from both the original judgment and any subsequent judgment in the event the application by plaintiffs-appellees was granted and the amount State Farm was cast in judgment would be changed after the new trial. Accordingly, we hold that appellant’s thirty day delay for taking a suspensive appeal did not begin to run until July 12, 1978 when the notice of the denial of plaintiffs-appellees motion for a new trial was mailed by the clerk to all attorneys of record. Thus, the filing of the suspensive appeal bond, even if accomplished on August 2, 1978, was timely.
For the reasons assigned, the motion to dismiss the suspensive appeal is denied.
MOTION DENIED.

. We use the word “allegedly” because the record has not yet been lodged in this court.

. Because respondent alleges the attorney who represented State Farm In this case is presently out of the state and the trial judge and his clerk are on vacation, they request we withhold any ruling on this matter until affidavits can be obtained and furnished to us to prove this contention.