SCHOTT, Judge.
This worker’s compensation ease is before us on a motion by plaintiff to dismiss the appeal taken by defendants. The following chronology is pertinent:
December 13, 1984 Judgment for plaintiff against defendants for partial permanent disability benefits
December 21, 1984 Motion by plaintiff for partial new trial seeking benefits of 450 weeks duration rather than 100 weeks awarded.
February 8, 1985 Plaintiff’s motion for new trial denied
March 8, 1985 Motion for suspensive appeal by defendants.
The issue is whether the motion for partial new trial by plaintiff extended the time for defendants to appeal suspensively in accordance with L.S.A.-C.C.P. Art. 2123.
*1135 In Comeaux v. Matix, 367 So.2d 1192 (La.App. 4th Cir.1978) this court was confronted with the identical problem and held that the appellant’s thirty day delay under Art. 2123 for taking a suspensive appeal did not begin to run until notice was sent to the parties of the court’s denial of plaintiff’s motion for partial new trial. This was consistent with our earlier decision in Thibodeaux v. Lock Clinic, 299 So.2d 574 (La.App. 4th Cir.1974). In both cases the court reasoned that a defendant in such circumstances cannot be required to take an appeal at a time when the amount of the judgment is uncertain and may be increased at plaintiff’s behest in the trial court while defendant’s appeal is pending.
Accordingly, plaintiff’s motion to dismiss defendant’s appeal is denied.
MOTION TO DISMISS APPEAL DENIED.